**Opinion filed September 14, 2023**



In The

# Eleventh Court of Appeals

——————

## No. 11-22-00275-CR

——————

## TOBY DON NARLOCK, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**
**Midland County, Texas**
**Trial Court Cause No. CR52349**

## M E M O R A N D U M   O P I N I O N

Appellant, Toby Don Narlock, originally pled guilty to the third-degree felony offense of driving while intoxicated. *See* Tex. Penal Code Ann. § 49.09(b)(2) (West Supp. 2022). On February 22, 2019, pursuant to the terms of the plea agreement between Appellant and the State, the trial court sentenced Appellant to ten years of imprisonment in the Institutional Division of the Texas Department of Criminal Justice (TDCJ) with a $750 fine, suspended the imposition of confinement, and placed Appellant on community supervision for four years. As conditions of his

community supervision, Appellant was required to serve ten days in jail and successfully complete the Midland County Adult Felony Drug Court program.

The State subsequently filed a motion to revoke Appellant's community supervision. On April 22, 2021, the trial court continued Appellant's community supervision but modified its terms to include (1) seventy-five days in jail until his transfer to the Roy D. Anderson Men's Community Corrections Facility, (2) service of an indeterminate term of not less than two weeks or more than twenty-four months in the facility and, among other conditions, abide by the rules and regulations of the facility, and (3) successful completion of the Midland County Transitional Treatment Court program upon his release from the facility.

The State later filed a motion to revoke Appellant's community supervision on February 15, 2022. At the hearing on the State's motion to revoke, Appellant pled "not true" to the State's allegations, and the State presented evidence in support of its motion. The trial court found both of the State's allegations to be "true," revoked Appellant's community supervision, and assessed his punishment at six years of confinement in the Institutional Division of TDCJ. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. Counsel provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of both the clerk's record and the reporter's record. Counsel also advised Appellant of his right to review the record and file a response and of his right to file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex.

Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant filed a pro se response to counsel's *Anders* brief. In his response, Appellant states that the trial court abused its discretion in revoking his probation, claims that his trial counsel provided ineffective assistance of counsel, and states that his due process rights were denied "in the original charging instrument" and during the proceedings. In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that the appeal is without merit. The record from the revocation hearing shows that Appellant failed to successfully complete, and obey all the rules and regulations of, the program at the Roy D. Anderson Men's Community Corrections Facility and that he was "unsuccessfully" terminated from that facility. The record further shows that Appellant was "unsuccessfully" discharged from the Midland County Transitional Treatment Court program for failure to abide by the terms and conditions of the program. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support the trial court's revocation order. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658,

661–62 (Tex. Crim. App. 1999).  Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the trial court.

W. BRUCE WILLIAMS
JUSTICE

September 14, 2023

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.